**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ROCAEL TERCERO RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 16-70449 <br>       17-70530 <br><br> Agency No. A072-109-862 <br><br> MEMORANDUM[*] |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2018[**]
San Francisco, California

Before: WALLACE, KLEINFELD, and GRABER, Circuit Judges.

Edwin Rocael Tercero Ramirez, a Guatemalan citizen, petitions for review

the denials of his motions to reopen. We have jurisdiction pursuant to 8 U.S.C. §

1252. We DENY the petitions for review.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tercero filed two separate motions in the Board of Immigration Appeals, requesting that the Board reopen and administratively close his removal proceedings. Both motions requested reopening based on the Board's sua sponte authority. Tercero moved for reopening to pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). The Board denied both motions.

We generally review the denials of motions to reopen for abuse of discretion. But we may review the Board's denials based on sua sponte authority only for the limited purpose of determining whether the decisions rested on legal or constitutional error. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016).

We do not consider the availability of administrative closure or I-601A provisional waivers.[1] If the Board were to reopen sua sponte, Tercero will be able to pursue other remedies, including cancellation of removal—relief he sought in the alternative to administrative closure in the first motion to reopen.[2] See Fikre v. FBI, — F.3d —, —, 2018 WL 4495552, at *6 (9th Cir. Sept. 20, 2018) ("When examining whether a claim has become moot, the question is not whether the precise relief sought at the time the case was filed is still available. The question is

_____

[1] As a result, we do not consider the retroactive application, if any, of In re Castro-Tum, 27 I. & N. Dec. 271 (A.G. 2018).

[2] Bonilla, 840 F.3d at 592 (remanding for reconsideration rather than vacating final order of removal for legal or constitutional error under the Board's sua sponte authority).

2

whether there can be any effective relief." (internal quotation marks and brackets omitted)); Chafin v. Chafin, 568 U.S. 165, 172 (2013) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." (internal quotation marks omitted)); see also Williams v. INS, 795 F.2d 738, 742 (9th Cir. 1986) ("[A] continuing dispute as to jurisdiction is sufficient to prevent a finding of mootness."); Bonilla, 840 F.3d at 581 (describing Board's sua sponte authority as sua sponte jurisdiction).

We instead deny the petitions for review on the merits of the appeal. The Board did not commit legal or constitutional error. When declining to exercise its sua sponte authority, the Board is not required to provide a detailed explanation of its decision. See Ekimian v. INS, 303 F.3d 1153, 1157 (9th Cir. 2002) (denying petition for review where "the order provide[d] virtually no explanation as to why the [Board] declined to exercise its sua sponte power to reopen in th[e] case"). Because Tercero had "a fair opportunity to present [his] case[]," the Board did not deny him due process. See Yeghiazaryan v. Gonzales, 439 F.3d 994, 1000 (9th Cir. 2006).

For the foregoing reasons, the petitions for review are DENIED.

3